**The GRANVILLE MARKET LETTER, INC., Plaintiff,**

v.

**OPPENHEIMER & CO., INC., Robert Novinski and John MacGregor, Defendants.**

No. 82–6640–Civ–GONZALEZ.

United States District Court, S.D. Florida, N.D.

June 5, 1985.

Sidney Bernstein, Bernstein & Berk, Fort Lauderdale, Fla., for plaintiff.

Richard Brodsky, Paul, Landy, Beiley, Harper & Metsch, P.A., Miami, Fla., George C. Kopp, Vasslich & Assoc., North Kansas City, Mo., for defendants.

ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the Court upon the Motion for Partial Summary Judgment filed by the defendants. For the reasons set forth below, summary judgment will be granted as to Court VI of the Complaint. The Court, however, reserves ruling on summary judgment on the RICO counts, Counts VIII–XI.

█ Count VI alleges violations of Section 10(b) of the Exchange Act of 1934, 15 U.S.C., § 78j(b) and Rule 10b–16, 17 C.F.R. 240.10b–16. Rule 10b–16 requires that a securities broker establish procedures to assure that customers are given or sent required disclosure forms. The Affidavit of Phyllis Holtzclaw reveals that Oppenheimer did have established procedures for providing the requisite disclosures. Thus, as no issue of material fact exists, summary judgment is proper.

█ The Court notes that summary judgment is appropriate for a second reason. A plaintiff seeking to invoke protections afforded under section 10(b), *supra,* and rules promulgated thereunder must plead and prove scienter. See, *Aaron v. SEC,* 446 U.S. 680, 100 S.Ct. 1945, 64 L.Ed.2d 611 (1980); *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976); *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530 (9th Cir.1984). As the plaintiff in the case *sub judice* has failed to plead and prove the element of scienter, Court VI cannot stand.

The defendants also argue that Counts IX–XII [sic] cannot withstand a motion for summary judgment. The defendants premise their argument, in part, on *Sedima, S.P.R.L. v. Imrex Co., Inc.,* 741 F.2d 482 (2nd Cir.1984), *cert. granted,* —— U.S. ——, 105 S.Ct. 901, 83 L.Ed.2d 917 (1985).

The Court hereby informs the parties that the United States Supreme Court heard argument in *Sedima* on April 17, 1985. See, 53 U.S.L.W. 3751 (April 23,

1985). This Court finds that the interests of judicial economy and efficient litigation require this Court to await the ruling now imminent in the *Sedima* case.

Accordingly, it is hereby

ORDERED AND ADJUDGED as follows:

1. The Motion for Partial Summary Judgment, Count VI, be and the same is GRANTED. Within ten (10) days of the filing of this Order, the defendants shall submit a proposed final judgment dismissing Count VI;

2. The Court reserves ruling on the Motion for Partial Summary Judgment—RICO counts pending the United States Supreme Court's decision in *Sedima, S.P.R.L. v. Imrex Co., Inc.*, whereupon ruling will be forthcoming without further argument or supplemental memoranda of law;

3. This case is hereby removed from the trial calendar commencing on July 1, 1985 and will be reset by further Order of this Court.